IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRUCE CALVIN MCCOY, #63316                                                                PLAINTIFF

V.                                                        CIVIL ACTION NO. 5:23-cv-31-DCB-LGI

JUDGE MIKE MADISON TAYLOR,
DIANE Y. JONES, GUS SERMAS,
JUDGE DAVID STRONG, and
LINCOLN COUNTY, MISSISSIPPI                                                              DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION [21] TO RECONSIDER

This case is before the Court on *pro se* Plaintiff Bruce Calvin McCoy's Motion [21] to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure. McCoy moves the Court to reconsider the Final Judgment [18] dismissing his Complaint under 42 U.S.C. § 1983 as frivolous and for failure to state a claim. For the following reasons, McCoy's Motion [21] is denied.

I.      Background

On April 24, 2023, McCoy filed his Complaint under 42 U.S.C. § 1983 seeking monetary damages and his release from incarceration. McCoy is serving a 25-year sentence as a habitual offender for two counts of burglary of a dwelling, one count of burglary of a building, four counts of grand larceny, and two counts of petit larceny imposed on January 7, 2005, by the Circuit Court of Lincoln County, Mississippi. McCoy maintains that his 25-year sentence is illegal primarily because a victim to one of his crimes became a Court Administrator for the Lincoln County Circuit Court *after* McCoy was sentenced. McCoy also claims that his sentence is unlawful because one or more of his larceny charges were improperly converted from misdemeanors to felonies.

On May 24, 2023, the Court entered an Order [6] finding that to the extent McCoy seeks

an earlier or speedier release from incarceration, he must pursue such relief through a petition for writ of habeas corpus. *See* Order Severing Habeas Claims [6] at 1. The Court severed McCoy's habeas claims from this § 1983 case. *Id*. at 2. McCoy pursued those claims in his separate § 2254 habeas corpus case, *McCoy v. Cain*, No. 5:23-cv-46 (S.D. Miss. Sept. 8, 2023) (transferred to Fifth Circuit as successive petition).

The Court then screened McCoy's § 1983 Complaint as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (e)(2)(B). The Court determined that McCoy's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and further that Judges Taylor and Strong, and prosecutor Jones were entitled to absolute immunity from this suit.

Under *Heck*, "a state prisoner's § 1983 civil action is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). Since McCoy could not prove that his convictions or sentences had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus" as required by *Heck v. Humphrey,* his claims were dismissed. *Heck*, 512 U.S. at 486–87. On November 30, 2023, the Court dismissed McCoy's § 1983 Complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B).

In his Motion [21] to reconsider, McCoy continues to argue that his convictions and sentences are unlawful primarily based on his mistaken belief that a conflict of interest existed during his prosecution because one of his victims later became a Court Administrator for Lincoln

2

County.  McCoy takes issue with the portions of this Court's Opinion [17] that cite to state court orders as based on "mis[s]tated facts" and "lies, by Judges that should have recused themselves in 2005."  Mot. [21] at 2.  McCoy also argues, without explanation, that his claims are not *Heck*-barred because he was allowed to amend his Complaint to add Lincoln County as a defendant.  *Id.* at 6, 13.  McCoy continues to seek monetary compensation for his allegedly "illegal" and "unconstitutional sentence."  *Id*. at 16.

II.     Discussion

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Rule 59(e) or as a motion for relief from judgment . . . under Rule 60(b)."  *Demahy v. Schwarz Pharma, Inc*., 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal quotation marks and citation omitted).  If the motion is filed within twenty-eight days of the final judgement it proceeds under Rule 59, if it is not filed within this time-period, the motion is considered under Rule 60.  McCoy filed his Motion [21] to reconsider almost three-months after the Court dismissed this case, so it is properly construed as arising under Rule 60(b).

Under Rule 60(b) the Court has discretion to relieve a party from a judgment under six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier  judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

At best, McCoy is seeking reconsideration "for any other reason that justifies relief" under Rule 60(b)(6).[1] To obtain that relief, McCoy would have to show "'extraordinary circumstances' justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 525, 535 (2005)).

McCoy provides no argument as to why Rule 60 should apply to reconsider the judgment in this case. Instead, he repeats the claims presented in his Complaint and asserts that his claims are not *Heck*-barred because he is suing Lincoln County. None of McCoy's repetitious arguments change the fact that McCoy's claims are barred by *Heck v. Humphrey*. Nor does the fact that Lincoln County is a defendant change any of the Court's prior findings. McCoy fails to assert a viable ground for relief under Rule 60(b).

III.   Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, McCoy's Motion [21] for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that *pro se* Petitioner Bruce Calvin McCoy's Motion [21] for reconsideration liberally construed as a motion for relief under Rule 60(b) is **DENIED**.

**SO ORDERED**, this the  14th   day of March, 2024.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] At various times, McCoy classifies his indictment as void. It does not appear that he is claiming this Court's judgment is void but the Court notes that such a claim would be unsuccessful because "[d]ismissal of a state prisoner's § 1983 claims for damages, with prejudice, is permitted under *Heck*" and it is "not void under Rule 60(b)(4)." *Williams v. August*, 273 F.3d 1103, 2001 WL 1075966, *1 (5th Cir. 2001) (explaining the "concept of a void judgment must be narrowly restricted" and reiterating that a "judgment is not void simply because it is erroneous, but only when the court rendering it lacked jurisdiction . . . or if it acted in a manner inconsistent with due process of law").