IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRUCE CALVIN MCCOY, #63316                                                                PLAINTIFF

V.                                                         CIVIL ACTION NO. 5:23-cv-31-DCB-LGI

JUDGE MIKE MADISON TAYLOR,
DIANE Y. JONES, GUS SERMAS,
JUDGE DAVID STRONG, and
LINCOLN COUNTY, MISSISSIPPI                                                            DEFENDANTS

ORDER DENYING PLAINTIFF'S SECOND MOTION [25] TO RECONSIDER
AND ISSUING SANCTION WARNING

This case is before the Court on *pro se* Plaintiff Bruce Calvin McCoy's second Motion [25] to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure. McCoy moves the Court to reconsider the Final Judgment [18] dismissing his Complaint under 42 U.S.C. § 1983 as frivolous and for failure to state a claim. For the following reasons, McCoy's Motion [25] is denied.

I.   Background

On April 24, 2023, McCoy filed his Complaint under 42 U.S.C. § 1983 seeking monetary damages and his release from incarceration. McCoy is serving a 25-year sentence as a habitual offender for two counts of burglary of a dwelling, one count of burglary of a building, four counts of grand larceny, and two counts of petit larceny imposed on January 7, 2005, by the Circuit Court of Lincoln County, Mississippi. McCoy maintains that his 25-year sentence is illegal primarily because a victim to one of his crimes became a Court Administrator for the Lincoln County Circuit Court after McCoy was sentenced. McCoy also claims that his sentence is unlawful because one or more of his larceny charges were improperly converted from misdemeanors to felonies.

On May 24, 2023, the Court entered an Order [6] finding that to the extent McCoy seeks an earlier or speedier release from incarceration, he must pursue such relief through a petition for writ of habeas corpus. *See* Order Severing Habeas Claims [6] at 1. The Court severed McCoy's habeas claims from this § 1983 case. *Id*. at 2. McCoy pursued those claims in his separate § 2254 habeas corpus case, *McCoy v. Cain*, No. 5:23-cv-46 (S.D. Miss. Sept. 8, 2023) (transferred to Fifth Circuit as successive petition).

The Court then screened McCoy's § 1983 Complaint as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (e)(2)(B). The Court determined that McCoy's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and further that Judges Taylor and Strong, and prosecutor Jones were entitled to absolute immunity from this suit.

Under *Heck*, "a state prisoner's § 1983 civil action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). Since McCoy could not prove that his convictions or sentences had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus" as required by *Heck v. Humphrey,* his claims were dismissed. *Heck*, 512 U.S. at 486–87. On November 30, 2023, the Court entered a Final Judgment dismissing McCoy's § 1983 Complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B).

On March 14, 2024, the Court entered an Order [22] denying McCoy's first Motion [21] for reconsideration liberally construed as a motion for relief under Rule 60(b). McCoy repeated

2

arguments from his Complaint in his first motion to reconsider. Thereafter, McCoy filed a post-judgment Motion to Amend [23] his Complaint, which this Court denied on April 17, 2024. *See* Order [24].

In his second Motion [25] to reconsider, McCoy claims that this § 1983 action was only against Lincoln County and the Court committed "plain error" when the Court considered his claims against the other named Defendants. Mot. [25] at 1. In his Complaint [1], McCoy clearly listed Mike Madison Taylor, Diane Jones, Gus Sermas, and Judge David Strong as Defendants. His belated arguments to the contrary are clearly frivolous.

McCoy continues to argue that his convictions and sentences are unlawful primarily based on his mistaken belief that a conflict of interest existed during his prosecution because one of his victims later became a Court Administrator for Lincoln County. McCoy also argues that he was convicted and sentenced without an indictment thus he is entitled to relief from this Court.

II.   Discussion

McCoy titles his Motion as seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Mot. [25] at 1. Under Rule 60(b) the Court has discretion to relieve a party from a judgment under six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  To obtain that relief under Rule 60(b)(6), McCoy would have to show "'extraordinary circumstances' justifying the reopening of a final judgment.'"  *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 525, 535 (2005)).

McCoy repeats the claims presented in his Complaint and asserts that his claims are not *Heck*-barred because he is suing Lincoln County.  None of McCoy's repetitious arguments change the fact that McCoy's claims are barred by *Heck v. Humphrey*.  Nor does the fact that his claims were considered against all named defendants change any of the Court's prior findings.  McCoy fails to assert a viable ground for relief under Rule 60(b).

McCoy is cautioned that if he continues to file repetitious motions or frivolous motions in this Court, he may incur sanctions.  Sanctions may include a monetary fine or a restriction on his ability to file *pro se* pleadings in this Court.

III.   Conclusion

The Court has considered the pleadings and applicable law.  For the foregoing reasons, McCoy's second Motion [25] for Reconsideration is denied.  Sanction warning issued.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that *pro se* Petitioner Bruce Calvin McCoy's second Motion [25] for reconsideration under Rule 60(b) is **DENIED**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that McCoy is warned that he will incur sanctions if he continues to file repetitious or frivolous pleadings.  Sanctions may include a monetary fine or a restriction on his ability to file *pro se* pleadings in this Court.

**SO ORDERED**, this the  23rd   day of May, 2024.

s/David Bramlette<br>UNITED STATES DISTRICT JUDGE